11TH CIRCUIT DISTRICT COURT

FOR LEGAL USE ONLY — ~~DEFENDANT MICHELLE~~    FOR LEGAL USE ONLY — ~~AGENDAS MITCHELL~~

Lewis McCall IV                 related LoT. # 2021CF001536

vs.

Robert Knauff of The Public Defenders Office "Pasco County office"

42 U.S.C. § 1983                    8:22 cv 248 SDM-TGW

Comes Now the Plaintiff, Lewis McCall IV, PRO-SE to move this court to Honor and Respect by Law this Motion 42 U.S.C. § 1983 ~~of Relief~~ on the following grounds:

## CASE AND ARGUEMENT OF FACTS

McCall was appointed Counselor Robert Knauff over 10 months ago on a a Carjacking and Possession charge. Knauff ignores McCall entirely, lies to him about the law and his case, failed to provide a full and complete Discovery, and is withholding the crucial evidence of Body Cams from McCall. McCall is "Actually innocent" of Carjacking by facts of record and witness testimony, this would include the "alleged victim" and another outside witness. Knauff has refused to file any Pre-Trial motions to Dismiss the Carjacking charge as asked to, as a matter of fact Knauff refuses to do anything but act as an extension of the prosecutor. Knauff has ensured the striping of McCall's defense aiding the malicious prosecution maintaining McCall's false imprisonment which is being used to attempt the coercion and extortion of a plea deal in violation of FLA. CONST. DEC. R. Article I. § 17. Knauff has done nothing but try and sabotage McCall's case in favor of the prosecutor in violation of Fla. § 843.0855 and 18 U.S.C. § 1959. "Faretta v. California, 422 U.S. 806 (1975)" is explicit about rights surrounding counsel but I would find U.S. Supreme Court standards in "Stano v. Dugger, 921 F.2d 1125 (1991)" is far more explicit about issues like this with counsel when it says: ["The right to the assistance of counsel, moreover, is the right to the effective assistance of counsel." ~~2000~~ McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970); see Kimmelman v. Morrison, 477 U.S. 365, 377-78, 106 S.Ct. 2574, 2584, 91 L.Ed.2d 305 (1986). Assistance of counsel thus requires more than just the mere presence of an attorney. As the court stated in Holloway, the mere physical presence of an attorney does not fulfill the 6th Amendment guarantee when the advocates conflicting obligations have effectively sealed his lips' on crucial matters. 435 U.S. at 490, 98 S.Ct. at 1181. In Cronic, the

FOR LEGAL USE ONLY — ~~DEFENDANT MICHELLE~~    FOR LEGAL USE ONLY — ~~AGENDAS MITCHELL~~

PAGE #1 SIDE #1

N.P

court explained that if no actual Assistance of the accused's defense is provided, then the constitutional guarantee has been violated." 466 U.S. at 654, 104 S.Ct. at 2044."]

"Stano v. Dugger, supra" also explains that a judge is to ensure defendants aren't subject to this activity but Kimba Lewis allowed it in McCall's case because she herself aided it by showing partiality to it, deliberate Judicial Misconduct, a violation of the Judicial Canon undoubtedly to Racketeer with the prosecutor and court appointed counselors for monetary gain violating Fla. § 843.0855 and 18 U.S.C. § 1959. This is a fundamental violation in a slew of ways specifically the 6th Amendment.

### RELIEF AND REMEDY SOUGHT

The Relief sought by McCall is the following based on the motion above:

① That McCall be awarded $100,000 in punitive damages for attorney malpractice and violations of Fla. § 843.0855 and 18 U.S.C. § 1959 in official and unofficial capacity against counselor Robert Knauff. I also seek prosecution against Knauff for violations of Fla. § 843.0855 and 18 U.S.C. § 1959

② McCall seeks to proceed "In Forma Pauperis" due to his complete indigence and $0 balance of money.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a True and Correct copy of the forgoing has been furnished on the 11TH CIRCUIT DISTRICT COURT CLERK @ 801 N. Florida Ave. Room 218 Tampa FL, 33602-3800, on the 27th day of January 2022.

DATE: 01-27-22

Lewis McCall IV
x Lewis McCall

PAGE #1 SIDE #2